**PRESTON & CHAMBERS, P.C., Plaintiff, Counterclaim Defendant, and Appellee,**

v.

**Evan O. KOLLER, Defendant, Counterclaim Plaintiff, and Appellant.**

**No. 960590–CA.**

Court of Appeals of Utah.

July 31, 1997.

Raymond N. Malouf, Malouf Law Office, Logan, for Appellant.

Glenn C. Hanni and Peter H. Christensen, Salt Lake City, for Appellee.

Before WILKINS, Associate P.J., and BENCH and ORME, JJ.

## OPINION

WILKINS, Associate Presiding Judge:

Having had his claim certified under Rule 54(b) of the Utah Rules of Civil Procedure, defendant Evan O. Koller appeals the trial court's order granting plaintiff Preston & Chamber's (Preston) motion for partial summary judgment and dismissing with prejudice Koller's legal malpractice counterclaims. We affirm.

## BACKGROUND

At the hearing on Preston's motion for summary judgment, the trial court determined that an expert witness was required to establish the attorney standard of care and imposed a deadline for Koller to designate such an expert. The trial court ordered Koller to retain an expert by October 28, 1995, sixty days from the hearing. In addition, the trial court entered an order granting Preston's motion for summary judgment unless Koller obtained an expert who would be prepared to be deposed by the deadline. Although in form the court granted summary judgment, the substance of the order imposed a discovery sanction if Koller failed to comply with the order. Koller, however, did not designate his expert until well after the deadline. Accordingly, the court dismissed Koller's counterclaims of legal malpractice.

Because the trial court did not rule on the merits of Koller's claim, because the trial court, Preston, and Koller treated the order as one compelling discovery, and because on appeal both parties present their arguments as such, we address the dismissal of Koller's counterclaims as a discovery sanction.

1. Even absent a specific order compelling discovery, dismissal of Koller's counterclaim is also authorized under Rule 37(d) as a result of Koller's disregard of discovery obligations. *See*

## ANALYSIS

Koller argues that the trial court erred in dismissing his legal malpractice counterclaims due to his failure to obtain an expert within the court-ordered time period. In addressing Koller's arguments, we first acknowledge that "[t]rial courts have broad discretion in managing the cases assigned to their courts." *Berrett v. Denver & Rio Grande W. R.R. Co.*, 830 P.2d 291, 293 (Utah. Ct.App.1992); *see also Bennion v. Utah State Bd. of Oil, Gas & Mining*, 675 P.2d 1135, 1144 (Utah 1983) ("Time, place, and manner requirements relating to discovery are committed to the discretion of the tribunal."). *See generally* Utah R. Civ. P. 16. Further, under Rule 37 of the Utah Rules of Civil Procedure, the trial court also has broad discretion in selecting and imposing sanctions for discovery violations, including dismissing the noncomplying party's action. *See* Utah R. Civ. P. 37(b)(2)(C); *Morton v. Continental Baking Co.*, 938 P.2d 271, 273–75 (Utah 1997) (according trial court broad discretion because trial court deals firsthand with parties and discovery process); *Utah Dep't of Transp. v. Osguthorpe*, 892 P.2d 4, 6 (Utah 1995) (same). As a result, our review is limited to determining whether the trial court abused its discretion in dismissing Koller's counterclaims based on his failure to timely obtain an expert to establish the attorney standard of care and the alleged breach of that standard.

■ First, Koller asserts that the trial court abused its discretion in dismissing his counterclaims with prejudice because there was no court "order" compelling discovery. *See Berrett*, 830 P.2d at 296 (holding "absent an order creating a judicially imposed deadline, a trial court may not sanction a party . . . under rule 37(b)(2)" (footnote omitted)). We disagree. Although the trial court did not specifically designate the order as such, the court's ruling on the summary judgment motion inarguably compelled discovery.[1]

*Schoney v. Memorial Estates, Inc.*, 790 P.2d 584, 586 (Utah.Ct.App.1990) (upholding entry of default judgment for party's failure to comply with discovery obligation to timely answer interroga-

The court specifically ordered Koller to obtain an expert and prepare that expert to be deposed by October 28, 1995. The trial court's order both determined that an expert was required to establish the attorney standard of care and imposed a specific deadline for designation of that expert. Therefore, because the trial court issued an order imposing a discovery deadline, which Koller failed to meet, the decision to sanction Koller by dismissing his counterclaims is within the court's discretion.

■ Because dismissal of a party's action for failure to respond to a court order compelling discovery is a harsh sanction, "the court must find on the part of the noncomplying party willfulness, bad faith, or fault, or 'persistent dilatory tactics frustrating the judicial process.'" *Morton*, 938 P.2d at 274 (citations omitted). In this case, the trial court did not articulate these specific findings. However, such is not grounds for reversal if the findings appear in the lower court's opinion or elsewhere to sufficiently indicate the factual basis for the ultimate conclusion. *See Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 962 (Utah.Ct.App. 1989) (stating failure of specific findings not grounds for reversal if " 'a full understanding of the issues on appeal can nevertheless be determined by the appellate court' " (citation omitted)).

■ The facts establish that the trial court dismissed Koller's counterclaims due to his dilatory actions.[2] The trial court noted that during the thirty-four months Koller's legal malpractice counterclaims had been pending, Koller failed to actively pursue his action. During these thirty-four months, Preston had served Koller with two separate sets of interrogatories, sent an informal letter, and deposed Koller, in each instance requesting the disclosure of potential expert witnesses. Each request went unanswered. After nearly three years, the trial court ordered that an

expert be retained, imposed a deadline, and expressly stated that the malpractice claims would be dismissed if Koller did not comply. Koller neither gave good reason in requesting more time to comply nor challenged the court's determination that an expert was required. After having had ample time to designate an expert and having been on notice of the consequence, Koller failed to comply with the court order and failed to give good reason for not complying. The trial court, therefore, did not abuse its discretion in dismissing Koller's legal malpractice counterclaims.

■ Second, Koller argues that the trial court erroneously determined that an expert was required to establish the attorney standard of care. We disagree. Utah courts have held that expert testimony may be helpful, and in some cases necessary, in establishing the standard of care required in cases dealing with the duties owed by a particular profession. *See Wycalis v. Guardian Title*, 780 P.2d 821, 826 n. 8 (Utah.Ct.App.1989). Expert testimony is required "[w]here the average person has little understanding of the duties owed by particular trades or professions," as in cases involving medical doctors, architects, and engineers. *Id.; see also Hoopiiaina v. Intermountain Health Care*, 740 P.2d 270, 271 (Utah.Ct.App.1987) (requiring expert testimony to establish medical malpractice claim). Expert testimony may also be required to establish the duties owed by practicing attorneys to their clients, especially in cases involving complex and involved allegations of malpractice. *See Brown v. Small*, 251 Mont. 414, 825 P.2d 1209, 1212–13 (1992) (requiring expert testimony to establish attorney standard of care in case involving insurance coverage).

■ In some cases, expert testimony may be unnecessary where the propriety of the defendant's conduct "is within the common

---

tory); *see also* Utah R. Civ. P. 37(a)(3) (regarding interrogatories, "an evasive or incomplete answer is to be treated as a failure to answer").

2. Utah courts have affirmed the dismissal of actions, with prejudice, due to a party's "inexcusable neglect in failing to prepare and prosecute [his or] her claim with reasonable diligence."

*Maxfield v. Fishler*, 538 P.2d 1323, 1325 (Utah 1975); *see also Hill v. Dickerson*, 839 P.2d 309, 312 (Utah.Ct.App.1992). Although we recognize that a party must be given an opportunity to be heard, dismissal with prejudice is appropriate when a party pursues a claim in a manner that abuses that opportunity. *See id.*

knowledge and experience of the layman." *Nixdorf v. Hicken*, 612 P.2d 348, 352 (Utah 1980); *see also Brown*, 825 P.2d at 1212 (acknowledging expert testimony unnecessary where misconduct " 'is so obvious that no reasonable juror could not comprehend the lawyer's breach of duty' " (citation and emphasis omitted)). In this case, however, Koller's claims of legal malpractice are not "so common" as to avoid the need for expert testimony. After reviewing the allegations of legal malpractice, the trial court concluded that the malpractice allegations included claims concerning water rights, eminent domain, and negligent services, which would require expert testimony to establish both the standard of care required in the legal profession and any breach by Preston of that standard. Specifically, the court stated that some of Koller's allegations of malpractice "require a certain level of expertise" beyond even the knowledge of the average licensed, practicing attorney, and "to suggest that [the claims are] so obvious that no attorney or expertise would be necessary is, in the court's mind, not credible." We agree. Moreover, Koller did not challenge the court's determination, and Koller's attorney even conceded that he was "inclined to agree that prudence would require that Mr. Koller should have an expert." As such, the trial court's determination that Koller needed an expert witness to establish the attorney standard of care in this case was not erroneous.[3]

## CONCLUSION

Despite having approximately three years to retain an expert, acknowledging the need for expert testimony, and facing dismissal of his claims if an expert was not obtained and deposed within sixty days of the hearing, Koller still failed to comply with the court order. Under these circumstances, we affirm the trial court's order dismissing Koller's malpractice claims for Koller's failure to timely provide the court-ordered expert to establish the attorney standard of care.

Because we affirm the trial court's dismissal of Koller's legal malpractice counterclaims, Koller's request for attorney fees on appeal is denied.[4]

BENCH and ORME, JJ., concur.

---

3. In addition, Koller has not provided any "standard-of-the-industry" evidence, *Wycalis*, 780 P.2d at 825, and has not directed this court to any authority showing that the subject matter of the malpractice claims is within the common knowledge of lay people.

4. Koller also asks this court to grant summary judgment in his favor with respect to his claims of alleged accounting errors and overbilling. These issues, however, are not appropriately before this court, as the Rule 54(b) certification was only granted as to the legal malpractice counterclaims. After reviewing Koller's remaining arguments, we have determined that they are without merit and thus do not address them further. *See State v. Carter*, 776 P.2d 886, 888–89 (Utah 1989).