Edward Vaughn **KELLER, Plaintiff,**

v.

William J. **ALBRIGHT, Defendant.**

No. 2:94–CV–0579–S.

United States District Court,
D. Utah,
Central Division

Nov. 17, 1997.

Edward Vaughn Keller, Las Vegas, NV, pro se.

Carman E. Kipp, Kirk G. Gibbs, Sandra L. Steinvoort, Kipp & Christian, Salt Lake City, UT, for Defendant.

## MEMORANDUM DECISION

SAM, Chief Judge.

Before the court is a motion for summary judgment and a motion to strike the affidavit of pro se plaintiff Edward Vaughn Keller, filed by defendant William J. Albright. The court, having reviewed the memoranda sub- mitted by the parties, will rule on the mo- tions without the assistance of oral argument, pursuant to DUCivR 7–1(f).

## BACKGROUND

The following undisputed facts have been gleaned from the pleadings and the parties' briefing.

In 1991, Keller retained Albright to defend him in an action in Utah state court in which the plaintiff sought a prejudgment writ of attachment against Keller. Subsequently, judgment was entered against Keller in the state action, and orders were entered permit- ting the plaintiff to seize Keller's personal property.

In 1994, Keller brought suit against Al- bright in this court, alleging a claim for breach of contract—professional malpractice. Keller alleges Albright "failed to *specifically* object to the breadth and magnitude" of the writ of attachment in the state court action, Complaint, ¶ 9, such that "the aggregate total of the seizures was far in excess of the approximate $82,000.00 plus judgment." Complaint ¶ 15. Keller further contends Al- bright "breached his duty to [Keller] to ren- der competent representation within the range of established professional norms, by his failure to properly object and protect his client's assets and personal property from total seizure in amounts far in excess of the judgment." Complaint, ¶ 16.

In an Attorneys' Planning Meeting Report, dated November 23, 1994, Keller agreed to provide reports from his retained experts by January 20, 1995. Keller neither provided such reports nor disclosed any expert wit- nesses.

In a Notice of Designation of Expert Wit- ness & Filing of Opinion, filed February 6, 1995, Albright designated Harold G. Chris- tensen, Esq. as his expert witness and filed the opinion of Mr. Christensen concerning Albright's representation of Keller in the state action. In Mr. Christensen's view, "there is no evidence that [Albright] failed to exercise that degree of skill and care ordi- narily exercised by lawyers practicing in Utah at relevant times. Nor is there evi-

dence that any failure to exercise such skill and care proximately caused injury or damage to [Keller]." Letter from Harold G. Christensen, dated January 31, 1995.

Albright now moves for summary judgment, arguing that, due to Keller's failure to produce any expert testimony which supports his legal malpractice claim and rebuts Albright's expert testimony, there is no evidence that Albright's representation of Keller in the state action deviated from the appropriate standard of care or caused Keller's purported damages. Accordingly, Albright contends he is entitled to judgment as a matter of law.

## SUMMARY JUDGMENT STANDARDS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper only when the pleadings, affidavits, depositions, or admissions establish there is no genuine issue regarding any material fact, and the moving party is entitled to judgment as a matter of law.

The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This party, thus, bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which the party believes demonstrate the absence of a genuine issue of material fact. *See id.*

Once the moving party has met this initial burden of production, the burden shifts to the nonmoving party to designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Celotex*, 477 U.S. at 324. Any inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *See Board of Educ. v. Pico*, 457 U.S. 853, 863, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982).

In summary judgment proceedings, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liber-*ty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence" in support of a party's position is insufficient. *Id.* Therefore, the central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

## ANALYSIS

I. *Motion for Summary Judgment*

■ In *Preston & Chambers v. Koller*, 943 P.2d 260 (Utah Ct.App.1997), the Utah Court of Appeals recently noted that "expert testimony may be helpful, and in some cases necessary, in establishing the standard of care required in cases dealing with the duties owed by a particular profession." *Id.* at 263. Such testimony becomes necessary " '[w]here the average person has little understanding of the duties owed by particular trades or professions.' " *Id.* (quoting *Wycalis v. Guardian Title*, 780 P.2d 821, 826 n. 8 (Utah Ct. App.1989)). Moreover, "[e]xpert testimony may also be required to establish the duties owed by practicing attorneys to their clients, especially in cases involving complex and involved allegations of malpractice." *Preston & Chambers*, 943 P.2d at 263; *see, e.g., Brown v. Small*, 251 Mont. 414, 825 P.2d 1209, 1212–13 (1992) (court required expert testimony to establish attorney standard of care for case presenting insurance coverage questions). There is an exception to this general rule, however. "[E]xpert testimony may be unnecessary where the propriety of the defendant's conduct 'is within the common knowledge and experience of the layman.' " *Preston & Chambers*, 943 P.2d at 263–64 (quoting *Nixdorf v. Hicken*, 612 P.2d 348, 352 (Utah 1980)).

■ In the instant case, Keller admits he has not retained an expert witness to support his legal malpractice claim. However, he argues expert witness testimony is not needed as his claim fails within the exception to the general rule. Keller contends Albright's alleged negligence in failing to prevent the seizure and loss of Keller's assets is so obvi-

ous that no reasonable lay juror could not comprehend Albright's breach of duty. The court disagrees.

Keller seems to assume that, because Albright had a copy of a writ of execution and Keller complained to him that more assets were being seized than required, Albright was obviously negligent in preventing the seizure. However, as Albright points out, for lay jurors to reach this conclusion without the assistance of expert testimony, they must: understand the scope of the writ of attachment, the judgment, and other orders issued by the district court in the state action; interpret and understand law and procedure relative to attachment and execution; determine what alternatives to the actions taken by Albright on Keller's behalf would have been more appropriate; and, finally, determine whether Albright acted with the degree of skill and care ordinarily exercised by lawyers in Salt Lake County in 1991. The court is not persuaded these matters are "within the common knowledge and experience" of lay jurors, and Keller has not directed the court to any authority supporting this view.

Furthermore, although Keller has retained no expert witness whose testimony supports Keller's legal malpractice claim, Albright has retained an expert witness who, having reviewed the applicable documents, has rendered an opinion that Albright's representation in the state action neither deviated from the appropriate standard of care nor caused Keller damages. Thus, even construing the facts in the light most favorable to Keller, the court cannot conclude a fair-minded jury could find for Keller on the evidence presented.

## II. *Motion to Strike*

In support of his opposition to Albright's motion for summary judgment, Keller submitted his own affidavit in which he opines Albright is negligent and states "12 attorneys in Utah with whom I spoke regarding this malpractice case" agreed Albright was negligent. Affidavit of Edward Vaughn Keller in Opposition to Defendant's Motion for Summary Judgment, ¶ 6. Albright moves to strike Keller's affidavit as based upon inad-

missible opinion testimony, inadmissible hearsay, and inadmissible conclusions of law. As the court has given what weight it deemed appropriate to Keller's affidavit, the court hereby denies Albright's motion.

## CONCLUSION

In sum, the court GRANTS Albright's motion for summary judgment and DENIES Albright's motion to strike. Accordingly, this case is hereby dismissed with prejudice.