2018 UT App 100

## THE UTAH COURT OF APPEALS

JANAE KIRKHAM,
Appellant,
*v.*
BRYANT J. MCCONKIE, DAVID W. READ, AND STRONG & HANNI PC,
Appellees.

Opinion
No. 20160908-CA
Filed June 1, 2018

Third District Court, Salt Lake Department
The Honorable Ryan M. Harris
No. 150902953

Larry A. Kirkham, Attorney for Appellant

Keith A. Call and Robert T. Denny, Attorneys
for Appellees

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES JILL M. POHLMAN and DIANA HAGEN concurred.

ORME, Judge:

¶1     Appellant Janae Kirkham appeals the district court's grant of summary judgment in favor of Appellees Bryant J. McConkie, David W. Read, and Strong & Hanni PC (collectively, Law Firm). We affirm.

### BACKGROUND

¶2     Kirkham retained Law Firm to represent her from 2007 to 2012 in post-divorce proceedings.[1] In 2011, Kirkham's ex-

---

1. "When reviewing summary judgment, we recite the facts in a light most favorable to the nonmoving party," *Kilpatrick v. Wiley,*

(continued…)

husband filed a petition to modify child support, seeking, among other things, a tax exemption for the parties' only remaining minor child.[2] Law Firm did not file a counterpetition in response. Subsequent disagreements emerged between Kirkham and Law Firm over the tax exemption issue, prompting Law Firm to withdraw as counsel. Kirkham continued pro se, and at the conclusion of a trial, the district court granted her ex-husband's petition. *See Widdison v. Widdison*, 2014 UT App 233, ¶ 2, 336 P.3d 1106.

¶3      Kirkham brought suit against Law Firm for legal malpractice, breach of fiduciary duty, and breach of contract for failing to file a counterpetition for increased child support. Both sides in the malpractice action were provided a schedule of due dates, requiring the disclosure of expert witnesses by March 25, 2016. *See generally* Utah R. Civ. P. 26(a)(4)(A) (requiring disclosure of any witness "who is retained or specially employed to provide expert testimony"). Law Firm timely disclosed that it intended to use an expert witness to testify that Law Firm did not breach any standard of care or fiduciary duty or cause any damages to Kirkham for failure to file a counterpetition. Kirkham did not disclose any expert witnesses.

---

(…continued)
*Rein & Fielding*, 909 P.2d 1283, 1286 (Utah Ct. App. 1996), which in this case is Kirkham.

2. This is Kirkham's second appeal before this court. In her first appeal, *Widdison v. Widdison*, 2014 UT App 233, 336 P.3d 1106, we vacated the district court's modification order granting her ex-husband the tax exemption for their minor child and remanded the case for additional findings. *Id.* ¶ 21. Kirkham subsequently challenged those findings in another appeal pending in this court, *Widdison v. Kirkham*, Case No. 20160961-CA.

¶4 After the expert witness deadline passed, Law Firm moved for summary judgment, arguing that Kirkham's claims should be dismissed for failure to present expert testimony as evidence that Law Firm breached the standard of care. The district court granted summary judgment in favor of Law Firm, determining that Kirkham failed to satisfy her burden of proof by not designating an expert witness to prove the essential elements of her legal malpractice claims. Kirkham appeals.

## ISSUE AND STANDARDS OF REVIEW

¶5 Kirkham contends that the district court improperly awarded summary judgment to Law Firm. "Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Salt Lake City Corp. v. Big Ditch Irrigation Co.*, 2011 UT 33, ¶ 18, 258 P.3d 539. *Accord* Utah R. Civ. P. 56(a). "We review a district court's grant of summary judgment for correctness and afford no deference to the court's legal conclusions." *Big Ditch Irrigation Co.*, 2011 UT 33, ¶ 18. We also review for correctness the district court's determination that an expert witness was required for Kirkham to make her prima facie case. *Clifford P.D. Redekop Family LLC v. Utah County Real Estate LLC*, 2016 UT App 121, ¶ 10, 378 P.3d 109.

## ANALYSIS

¶6 Kirkham argues that the district court erred in granting summary judgment to Law Firm on account of her failure to designate an expert witness.[3] She asserts that a counterpetition is

---

3. Kirkham also argues that Law Firm breached its contract with her by failing to bring a counterpetition to increase child support. But Kirkham offered no evidence that filing a counterpetition was a term of the contract; instead, she testified that the only term of the contract was that Law Firm agreed to represent her in the divorce case. Accordingly, we conclude that

(continued…)

considered a compulsory counterclaim under rule 13 of the Utah Rules of Civil Procedure and that the jury could have easily understood through "a proper jury instruction" that Law Firm's failure to follow rule 13 and file a counterpetition breached the attorney standard of care.

¶7      Generally, "[i]f a defendant can show that the plaintiff has no legally sufficient evidentiary basis for its claims at trial, the defendant may establish the lack of a genuine issue of material fact and an entitlement to judgment as a matter of law." *Salo v. Tyler*, 2018 UT 7, ¶ 31. Because Law Firm made the requisite initial showing, Kirkham needed to present sufficient evidence on each element of her negligence and breach of fiduciary duty claims to survive summary judgment—including the attorney standard of care. *See Kilpatrick v. Wiley, Rein & Fielding*, 909 P.2d 1283, 1290 (Utah Ct. App. 1996) (breach of fiduciary duty elements); *Harline v. Barker*, 854 P.2d 595, 598 (Utah Ct. App. 1993) (negligence elements). The district court determined that, by failing "to present expert testimony to prove the applicable standards of conduct, breach and causation," Kirkham did not satisfy her evidentiary burden.

¶8      While expert testimony is not necessary in all cases, it is required "where the average person has little understanding of the duties owed by particular trades or professions," including "duties owed by practicing attorneys to their clients, especially in cases involving complex and involved allegations of malpractice." *Preston & Chambers, PC v. Koller*, 943 P.2d 260, 263 (Utah Ct. App. 1997) (quotation simplified). Expert testimony is unnecessary only in cases where "the defendant's conduct is within the common knowledge and experience of the layman." *Id.* at 263–64 (quotation simplified). "The test for determining whether testimony must be provided by an expert is whether the

---

(…continued)
the district court properly dismissed her breach of contract claim.

testimony requires that the witness have scientific, technical, or other specialized knowledge; in other words, whether an average bystander would be able to provide the same testimony." *Clifford P.D. Redekop Family LLC v. Utah County Real Estate LLC*, 2016 UT App 121, ¶ 19, 378 P.3d 109 (quotation simplified).

¶9     The district court noted that "claims for child support may be asserted 'at any time'" by a parent or raised sua sponte by the district court. *See* Utah Code Ann. § 78B-12-210(9)(a) (LexisNexis 2012) (stating that a petition may be raised at any time by a parent "if there has been a substantial change in circumstances"); *Doyle v. Doyle*, 2009 UT App 306, ¶¶ 20–21, 221 P.3d 888 (holding that district courts have discretion to modify child support obligations despite a party's failure to petition for such a change), *aff'd*, 2011 UT 42, 258 P.3d 553. Accordingly, the district court determined that "whether a claim for child support is a compulsory counterclaim under rule 13" that must have been filed to satisfy the applicable standard of care would not be "so obvious" to the average person, including those sitting on the jury in this case. And Law Firm designated an experienced family law attorney to testify that "the standard of conduct in [the] community did not require [Law Firm] to file a counterclaim to increase child support in the underlying divorce case."

¶10     We agree that the average juror would not know whether an attorney with ordinary skill and capacity would have filed a counterpetition under the same circumstances of this case. *See Watkiss & Saperstein v. Williams*, 931 P.2d 840, 846 (Utah 1996) (defining the attorney standard of care as the "duty to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake") (quotation simplified). Without the help of an expert, jurors would be hard pressed to understand how the Utah Rules of Civil Procedure and the Utah

Child Support Act[4] operate together and whether an attorney would have been expected to file a counterpetition, consistent with the standards of professional conduct in the community. Indeed, these issues require a level of expertise in the field of family law, and an expert was therefore necessary to aid the jury in identifying the attorney standard of care for filing petitions to modify child support and determining whether Law Firm had breached that standard in this case.

¶11 Consequently, in order to prevail, Kirkham needed to retain a family law expert to testify to the standard of care, breach, and causation elements of her claims. Given that she did not present expert testimony in support of her case, and in refutation of the opinions offered by Law Firm's expert, the district court correctly determined that Law Firm was entitled to judgment as a matter of law.

CONCLUSION

¶12 Because Kirkham failed to carry her burden of proof by retaining an expert witness to testify on her behalf to the necessary elements of her legal malpractice claims, we conclude that the district court correctly granted summary judgment to Law Firm. That judgment is affirmed.

––––––––––

4. Utah Code Ann. § 78B-12-101 to -403 (LexisNexis 2012).