2018 UT App 205

# THE UTAH COURT OF APPEALS

JAMIE WIDDISON,
Appellee,
*v.*
JANAE A. KIRKHAM,
Appellant.

Opinion
No. 20160961-CA
Filed November 1, 2018

Third District Court, Salt Lake Department
The Honorable Paige Petersen
No. 034903241

Larry A. Kirkham, Attorney for Appellant

Suzanne Marelius, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and KATE A. TOOMEY
concurred.

ORME, Judge:

¶1 Appellant Janae A. Kirkham (Wife) again appeals the trial court's findings and modification order as well as the award of attorney fees to Appellee Jamie Widdison (Husband).[1] We

---

1. This is Kirkham's third appeal arising out of a petition to modify support. *See Kirkham v. McConkie*, 2018 UT App 100 (appealing the dismissal of her claim of legal malpractice); *Widdison v. Widdison*, 2014 UT App 233, 336 P.3d 1106 (appealing the trial court's 2012 modification order). A fourth appeal is pending before us in a related matter, *Kirkham v. Widdison, Marelius, HRB Tax Group, Hansen, Widdison, & Alpine Gardens*

(continued…)

largely affirm but remand for recalculation of the attorney fee award.


BACKGROUND

¶2     Wife and Husband divorced in 2003. The divorce decree awarded the parties joint legal and physical custody of their three children. In 2011, Husband filed a petition to modify child support, requesting that he be allowed to claim the tax exemption for their youngest child (Child), that the health insurance options for Child be reevaluated, and that Wife's interference with his parent time be addressed. The trial court granted Husband's petition (the 2012 Order), awarding him the tax exemption for Child for the tax years 2009 through 2012, with the option to purchase Wife's 2013 exemption; requiring the parties to disclose all available health and dental benefits for Child; and enforcing the parent-time and transportation provisions of the divorce decree. Because Husband substantially prevailed on all claims, the trial court awarded him attorney fees.

¶3     Wife appealed the 2012 Order. *See Widdison v. Widdison*, 2014 UT App 233, 336 P.3d 1106. On appeal, we concluded that the trial court's findings regarding the tax consequences of Wife losing the 2009, 2010, and 2011 tax exemptions, and Husband's removal of Child from his health insurance, were insufficient. *Id.* ¶¶ 7, 10, 14–15. We also determined that "Wife's continued opposition" to the tax-exemption issue was not unreasonable, and we therefore vacated the trial court's award of attorney fees to Husband. *Id.* ¶¶ 19–20 (quotation simplified). We remanded

_____

(…continued)
*Inc.*, no. 20170655-CA, concerning Wife's claim that her amended tax returns were prepared without her consent.

with instructions that the trial court enter additional findings on these issues. *Id.* ¶ 21.

¶4    On remand, the trial court determined that the tax-exemption issue had been resolved prior to the trial scheduled on remand. It also found that although Husband had removed Child from his health insurance for one year, Wife owed Husband for his costs of carrying health insurance for Child from 2009 to 2014. But it concluded that Husband could not recover these costs because he had waited too long to demand payment. The trial court also reinstated Husband's attorney fee award. And it held Wife in contempt for failing to comply with the 2012 Order and directed her to pay the attorney fees Husband incurred as a result of her contempt.

¶5    In response, Wife filed motions for a new trial and to amend or alter judgment on various grounds, including that child support should be retroactively increased, that the court's finding of contempt was not factually supported, and that she should have been awarded the value of the 2012 tax exemption. The trial court denied the motions. Wife appeals the trial court's orders entered on remand.

ISSUES AND STANDARDS OF REVIEW

¶6    Wife contends that the trial court erred in shifting the tax exemptions for Child to Husband for the tax years 2009 through 2012. We review findings of fact for clear error, and "a trial court's factual finding is deemed clearly erroneous only if it is against the clear weight of the evidence." *Wilson Supply, Inc. v. Fradan Mfg. Corp.*, 2002 UT 94, ¶ 12, 54 P.3d 1177 (quotation simplified). Wife next contends that she should not have been held in contempt for failing to comply with the trial court's orders. "We review a trial court's decision to hold a party in contempt and impose sanctions for a clear abuse of discretion."

*Summer v. Summer*, 2012 UT App 159, ¶ 8, 280 P.3d 451 (quotation simplified). And finally, Wife contends that the trial court erroneously awarded attorney fees to Husband. A trial court's award of attorney fees in a divorce proceeding is reviewed for abuse of discretion.[2] *See Allen v. Ciokewicz*, 2012 UT App 162, ¶ 25, 280 P.3d 425.

---

2. Wife raises two other issues on appeal. First, she argues that she should have been awarded attorney fees because she prevailed on the health insurance issue. *See* Utah Code Ann. § 30-3-3(2) (LexisNexis 2013) (providing that a trial court may award attorney fees to the party who has substantially prevailed on a claim to enforce an order of child support). On remand, the trial court found that Husband had carried Child on his health insurance since the divorce, with the exception of one year during which he believed that Wife's health insurance covered Child. Despite that one year, Wife owed Husband for health insurance premiums he paid for Child from 2009 to 2014. Husband's child support payments had not been offset by Wife's share, and she had also failed to reimburse him for her share. However, the trial court concluded that Husband could not retroactively seek payments for those costs because it was his responsibility to demand payment "near the time of the expenditure" and it would be "unfair to require [Wife] to reimburse him this far after the fact." The trial court also denied Wife's request for attorney fees on this issue because she did not prevail on the merits of it, and the court concluded it "would be unjustified even as an equitable matter, where [Wife] failed to contribute toward the child's health insurance as she should have." We agree with the trial court and likewise award no attorney fees attributable to this issue on appeal.

Second, Wife argues that she should be retroactively awarded an increase in child support. Because this was not an

(continued…)

ANALYSIS

I. The Tax Exemptions

¶7    Wife argues that the trial court erred in awarding Husband the tax exemptions for Child for the tax years 2009 through 2012 and that the court did not follow our mandate to make further findings on this issue. Because the trial court failed to address whether shifting the tax exemptions to Husband would trigger an Internal Revenue Service audit and subject Wife to fines, we had, indeed, instructed the court on remand to make further findings on the tax consequences for Wife in filing amended tax returns for 2009, 2010, and 2011.[3] *See Widdison v. Widdison*, 2014 UT App 233, ¶¶ 7, 9–10, 336 P.3d 1106.

---

(…continued)
issue before the court in 2012 or on remand, the issue is unpreserved, and we decline to reach it. *See State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443 ("An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on it.") (quotation simplified).

3. As the trial court noted on remand, in the first appeal we did not disturb its decision on the 2012 tax exemption. But, for the sake of clarity, the court revisited the issue on remand. And because both parties failed to provide sufficient financial information to establish who would benefit most from the tax exemption, and because Husband provided significant and continuing financial contributions to raising Child, the court concluded that it was fair and equitable to allow Husband the benefit of the tax exemption in 2012 and Wife in 2013. Because this does not differ from the 2012 Order, which was the subject of the first appeal, we decline to revisit this issue.

¶8    On remand, the trial court found that the parties had agreed, when before the district court commissioner, that all issues regarding the 2009, 2010, and 2011 tax exemptions were fully resolved and that Husband had reimbursed Wife for any financial losses she accrued in amending her tax returns for those years. Wife also could not produce any evidence at trial of financial harm caused by the shift. For those reasons, the court concluded that the issue was moot.

¶9    Because Wife challenges the trial court's factual findings on the tax-exemption issue, we expect Wife to "marshal and respond to evidence or authority that could sustain the decision under review." *In re Discipline of LaJeunesse*, 2018 UT 6, ¶ 28, 416 P.3d 1122 (quotation simplified). Although failing to marshal the evidence is no longer considered a "technical deficiency," *State v. Nielsen*, 2014 UT 10, ¶ 41, 326 P.3d 645, an appellant failing to "marshal all relevant evidence presented at trial which tends to support the findings and demonstrate why the findings are clearly erroneous . . . 'will almost certainly fail to carry' their burden [of persuasion]" on appeal, *Grimm v. DxNA LLC*, 2018 UT App 115, ¶ 15 (quotation simplified) (quoting *Nielsen*, 2014 UT 10, ¶ 42).

¶10    On remand, the trial court found that the tax-exemption issue had been resolved before trial. This finding was based on the commissioner's order stating that "[b]oth counsel agree[d] that all issues, claims or payments arising from the tax returns for the filing years 2009, 2010, and 2011 were fully resolved" and that "no party will seek any amendment or change to those returns, as to the other party, nor will they seek any reimbursement for any funds arising from those returns." The commissioner also declined to certify for trial the issue of damages from filing the amended tax returns because Wife "failed to provide any documentation as to alleged damages despite discovery requests and orders from the Court." Against this background, Wife fails to demonstrate how the trial court

erred in finding that the parties had settled the issue; rather, she proceeds to argue why she is entitled to the benefit of the tax exemptions for Child. Because Wife failed to marshal the evidence supporting the trial court's findings or otherwise demonstrate how the court erred in its findings and decision, Wife has failed to meet her burden of persuasion on appeal, and her challenge fails.

## II. Wife's Contempt

¶11    Wife argues that the trial court abused its discretion by finding her in contempt on remand for failing to comply with the 2012 Order that required her to sign the necessary tax documents. Contempt of court includes "disobedience of any lawful judgment, order or process of the court." Utah Code Ann. § 78B-6-301(5) (LexisNexis 2012). "As a general rule, in order to prove contempt for failure to comply with a court order it must be shown that the person cited for contempt knew what was required, had the ability to comply, and intentionally failed or refused to do so." *Von Hake v. Thomas*, 759 P.2d 1162, 1172 (Utah 1988), *superseded by statute on other grounds as stated in Valerios Corp. v. Macias*, 2015 UT App 4, 342 P.3d 1127. And "[t]hese three elements must be proven . . . by clear and convincing evidence in a civil contempt proceeding." *Id.*

¶12    Wife asserts that she "was always willing to sign the amended tax returns as ordered" but that she was never given an opportunity to do so.[4] We disagree with her position. In 2012,

---

4. Somewhat inconsistently, Wife also argues that it would have violated federal law for her to sign the amended tax returns because it is "a crime to put false information on a tax return." But she fails to explain why complying with the 2012 Order would have required her to report false information to the Internal Revenue Service.

at the close of trial, the court ordered the parties to file the necessary tax documents to shift the tax exemptions for Child for the tax years 2009 through 2012 to Husband. Husband's attorney responded that, in two weeks, she would have the documents in her office for Wife to sign. But Wife did not show up to sign those documents. Husband's attorney then sent Wife letters indicating that she needed to sign the tax documents, but Wife refused to cooperate. Three months later, at a hearing with the district court commissioner, Wife was ordered to sign the tax documents in court that day, but Wife did not. In view of Wife's continued refusal to cooperate, the court ultimately signed on her behalf the tax forms shifting the tax exemptions for Child to Husband.

¶13    Wife admits she was aware that the trial court ordered her to sign the necessary tax documents, but she asserts that Husband never provided her with those documents to sign and, for that reason, she could not comply. The record does not support her claim. Wife was given the amended tax returns prior to the trial court's orders and had ample opportunity to sign them after the 2012 Order. Because there is clear and convincing evidence that Wife knew she was required to sign the necessary documents to shift the exemptions over to Husband, had the ability to comply with that requirement, and was capable of cooperating with Husband to accomplish this simple task but refused to do so, we conclude that the trial court did not abuse its discretion by holding Wife in contempt.

### III. Attorney Fees

¶14    Wife contends that the trial court went beyond the scope of our remand when it awarded attorney fees to Husband. Attorney fees are generally "awarded only when authorized by contract or by statute." *Bilanzich v. Lonetti*, 2007 UT 26, ¶ 11, 160 P.3d 1041. In divorce and modification proceedings, trial courts may award attorney fees under Utah Code section 30-3-3.

Subsection (1) of that statute permits a trial court to award attorney fees in "any action to establish an order of custody, parent-time, child support, alimony, or division of property in a domestic case." Utah Code Ann. § 30-3-3(1) (LexisNexis 2013). But such an award of attorney fees must nonetheless be "based on the usual factors of need, ability to pay, and reasonableness." *Connell v. Connell*, 2010 UT App 139, ¶ 28, 233 P.3d 836. Subsection (2) allows a trial court to award attorney fees in "any action to enforce an order of custody, parent-time, [or] child support . . . upon determining that the party *substantially prevailed* upon the claim or defense." Utah Code Ann. § 30-3-3(2) (emphasis added). Thus, an award pursuant to subsection (2) is premised on success rather than need and ability to pay.

¶15    In the 2012 Order, the trial court awarded attorney fees to Husband because he had "substantially prevailed on all disputed issues." Perhaps having lost track of the distinction between subsection (1) and subsection (2), we vacated that award because the trial court did not consider the "usual factors" under subsection (1). *See Widdison v. Widdison*, 2014 UT App 233, ¶ 20, 336 P.3d 1106 (quotation simplified). On remand, the trial court determined that the 2012 attorney fee award was warranted because, under the 2012 Order, Husband had substantially prevailed in enforcing an order of parent time, a matter encompassed by the narrower subsection (2).[5] *See* Utah

---

5. We instructed the trial court, on remand, to make findings on the 2012 attorney fee award, and the trial court commented that the award was made under the Frivolous Civil Litigation Statute. *See* Utah Code Ann. § 78B-5-825(1) (LexisNexis 2012) (providing that a "court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith"). But the trial court actually awarded attorney fees in the

(continued…)

Code Ann. § 30-3-3(2). Husband sought to enforce the parent-time and transportation provisions of the divorce decree in his petition for modification, and the 2012 Order required the parties "to accommodate [Husband's] availability to spend parent time with [Child] as stated in the Decree of Divorce" and "to make every effort to implement a regular parent time arrangement for [Child] and [Husband] consistent with the Decree."

¶16 Upon closer review of the record, we recognize that the trial court initially awarded attorney fees under subsection (2), not subsection (1) as we concluded in *Widdison*. Accordingly, the trial court did not abuse its discretion by awarding Husband attorney fees insofar as they were attributable to the issue of parent time. But we remand the attorney fee award for modification and instruct the trial court to limit this award to attorney fees incurred by Husband on the parent-time issue.

¶17 Additionally, both parties request an award of attorney fees incurred on appeal. "Ordinarily, we award appellate attorney fees and costs when a party was awarded fees and costs below and then prevails on appeal." *Tobler v. Tobler*, 2014 UT App 239, ¶ 48, 337 P.3d 296. The trial court did not award Wife attorney fees nor did she prevail on appeal. The trial court did award Husband attorney fees, but that award must be limited to his attorney fees incurred in enforcing parent time, as explained above. He also did not prevail on the first appeal and was not

_____

(…continued)
2012 Order because Husband "has substantially prevailed on all disputed issues." There was no discussion of lack of merit or bad faith in the 2012 Order—the lynchpins of section 78B-5-825(1)—and it is clear that the trial court granted attorney fees pursuant to Utah Code section 30-3-3(2), despite its errant reference on remand to the Frivolous Civil Litigation Statute.

granted attorney fees on remand for the issues raised in the instant appeal. We therefore conclude that neither party is entitled to attorney fees incurred in this appeal.[6]

CONCLUSION

¶18   We affirm the trial court's findings and rulings on the tax-exemption issue and its contempt order against Wife. We also affirm its award of attorney fees to Husband to the extent it reimburses Husband for his attorney fees incurred in enforcing the order for parent time and insofar as fees were awarded as a contempt sanction, and we remand for the trial court to recalculate the award accordingly.

----------

6. There is one exception to the pronouncements we make in this section. Separate from the attorney fees awarded pursuant to Utah Code section 30-3-3(2), the court awarded Husband his attorney fees incurred by reason of Wife's contempt. Those fees are proper as a contempt sanction and are affirmed on that basis. *See* Utah Code Ann. § 78B-6-311(1) (LexisNexis Supp. 2018); *Goggin v. Goggin*, 2013 UT 16, ¶ 32, 299 P.3d 1079. They may be included in the amended attorney fee award we have directed, along with the fees attributable to enforcing parent time as permitted by section 30-3-3(2).